MEMORANDUM **
David Carl Camp appeals from the 57-month sentence imposed following his guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
Camp contends that the district court erred by imposing a special condition of supervised release requiring him to submit to search or seizure “with or without a warrant and with or without reasonable or probable cause.” This search condition does not facially violate the Fourth Amendment. United States v. Dupas, 419 F.3d 916, 922 (9th Cir.2005). Furthermore, the record reflects that the district court did not abuse its discretion by imposing the condition in this case. See 18 U.S.C. § 3583(d); see also United States v. Weber, 451 F.3d 552, 557-58 (9th Cir.2006); Samson v. California, 547 U.S. 843, 854-55, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006).
*433 Camp also contends that the district court erred by failing to give adequate notice under Federal Rule of Criminal Procedure 32(i)(l)(C) before imposing a special condition of supervised release requiring him to report to the district court every morning for three years. Because the record reflects that the district court failed to give adequate notice, we remand the sentence to permit the parties to address whether this special condition of supervised release is appropriate. See United States v. Wise, 391 F.3d 1027, 1033 (9th Cir.2004); see also United States v. Cope, 527 F.3d 944, 953 (9th Cir.2008).
AFFIRMED in part; VACATED and REMANDED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.